**Donald A. DOE, by his mother and next friend, Barbara Doe**

v.

**Ivah A. HACKLER, Principal of Pinkerton Academy.**

**Civ. A. No. 3211.**

United States District Court, D. New Hampshire.

Sept. 29, 1970.

David Woodbury, Devine, Millimet, McDonough, Stahl & Branch, Manchester, N. H., for plaintiff.

John P. Griffith, McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., for defendant.

### MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS

BOWNES, District Judge.

In June of 1970, Pinkerton Academy of Derry, New Hampshire, adopted a

dress code which contained the following provision: "Boys may wear hair not to cover the collar and the ears must show.[1]

The plaintiff has been a student at Pinkerton Academy for three years and was scheduled to start his senior year on September 9, 1970, but was prohibited from registering by the defendant because of his failure to abide by the provision of the dress code quoted above. He instituted this complaint alleging a cause of action under 42 U.S.C. § 1983 (1964), and jurisdiction under 28 U.S.C. § 1343 (1964).

The defendant has moved to dismiss on the ground that Pinkerton Academy is a private school, not a public school, and, therefore, there is no "state action" as required by 42 U.S.C. § 1983 (1964).[2]

Unless the action of the defendant was taken "under color of any statute, ordinance, regulation, custom, or usage," of the State of New Hampshire, the plaintiff's case must fail.

Pinkerton Academy is not a regular "public" school in the accepted sense of the word, but neither is it a "private" school as that term is commonly understood. It was originally a private college preparatory boarding school but, since 1962 at least, it has functioned solely as a secondary day school for New Hampshire students and all of its students are from the towns of Auburn, Bedford, Chester, Derry, Hampstead, Londonderry, and Windham. In July of 1962, the Academy entered into essentially identical contracts with the school districts of Derry, Chester, Windham, and Hampstead, none of which have a public high school. Clause 1 provides:

    * * * during the term of this contract it will provide a course of

studies for grades 9–12 and such facilities and equipment so that it will be approved as a comprehensive high school by the State Board of Education, pursuant to R.S.A. 194:23–a.

The school districts, in turn, agreed to send *all* of their pupils who were qualified to attend grades nine through twelve to the Academy subject to certain exceptions. Clause 2 of the contract provides:

The District agrees to send all of its pupils who are qualified to attend grades 9 through 12 to said Academy. The District agrees that it will not pay tuition for any pupil in grades 9 through 12 to attend any other public high school or public academy during the term of said contract except for physically handicapped and intellectually retarded students requiring special schools, students who desire a special vocational training not offered at said Academy, and students ordered by the State Board of Education to attend another school pursuant to RSA 193:3. The District may, in its discretion, continue to pay tuition to any School District or Academy other than Pinkerton Academy for any student who has on June 30, 1963 completed the tenth or eleventh grade at a high school in said district or at such academy.

It is specifically agreed that, from time to time by mutual agreement between the Trustees of the Academy and the School Board of the District for whatsoever reasons they may deem valid, the School Board may allow any student or students to enroll in another high school, public or private, and the District may in such case pay tui-

1. Entire dress code is attached as an appendix.

2. § 1983. *Civil action for deprivation of rights*
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

tion for such student to attend such school.[3]

The second paragraph of this clause conflicts with the exclusive provisions of the first paragraph. The Court finds, on the basis of the testimony of the defendant, that the School Board of Derry has in the past allowed any student who wished to go to another high school to do so and has paid such student's tuition, but that this has happened very rarely.

The contracts run for a term of fifteen years and were assigned to the Indian Head National Bank for purposes of obtaining a loan for construction of new school facilities. They contain detailed provisions relative to tuition payments which are made by the school districts.[4] Clause 4(A) provides:

On or before September 15 of each year succeeding the first year of the term of this contract the Treasurer of the Academy shall deliver to the School Board of the District and to the State Board of Education an itemized accounting of all actual costs and expenses incurred by the Academy * * *.

Clause 8 provides:

The parties further agree that in the event of any dispute between the Academy and the School Board of the District regarding the performance or interpretation of the contract or any statement of expense or any computation called for under this contract such dispute shall be referred to the Commissioner of Education. The decision of the Commissioner of Education in such matters shall be binding upon the parties, subject to appeal to the State Board of Education pursuant to RSA 186:12. This clause

shall be enforceable in accordance with the provisions of RSA 542.

New Hampshire Revised Statutes Annotated, Chapter 186, section 12 provides:

*Appeal from Commissioner's Orders.* Any person aggrieved by an order or finding of the commissioner of education may appeal therefrom to the state board, which shall investigate the matter in any way it sees fit and its order shall be final.

The contracts were all approved by the State Board of Education pursuant to New Hampshire Revised Statutes Annotated, Chapter 194, section 22:

*Contracts With Schools.* Any school district may make a contract with an academy, high school or other literary institution located in this or, when distance or transportation facilities make it necessary, in another state, and raise and appropriate money to carry the contract into effect. *If the contract is approved by the state board the school with which it is made shall be deemed a high school maintained by the district.* (Emphasis added.)

It is clear that in any matters concerning the contract, Pinkerton Academy has agreed to be bound by the determination of the State Board of Education. It is also clear that N.H. R.S.A. 194:22 makes Pinkerton Academy a high school maintained by the school district of Derry.

The dress code was adopted by the trustees after consultation between the faculty and the student council. There was no consultation with any of the school boards of any of the school districts under contract with the Academy, including, specifically, the school board of the district of Derry nor, as far as

---

3. There is also a contract with Londonderry which counsel have stipulated is non-exclusive. The Court accepts this stipulation, even though it can find nothing in the language of the Londonderry contract to distinguish it from the others.

4. In 1970, there were nineteen students from Auburn and one from Bedford whose tuition was paid by their parents.

the evidence discloses, were any members of any of the school boards informed about the dress code, either before or after its adoption. The State Board of Education had nothing at all to do with the dress code.

The plaintiff, like most students graduating from the Derry public grammar school system, entered Pinkerton Academy as a matter of course. As far as Derry children are concerned, Pinkerton Academy is the high school for the Town of Derry. In 1970, the student body totaled 1,193 pupils, of which 660 came from Derry. Exhibit C shows that in 1970, there was one Derry student at Manchester Memorial High School, one at the Austin Cate School, one at the Salem High School, and nine at the Haverhill Trade School. The Court takes judicial notice of the fact that those attending the Haverhill Trade School did so under the special vocational training provisions in clause 2 of the contract.

The basic issue in this case is whether Pinkerton Academy, which by the terms of N.H. R.S.A. 194:22 is "deemed a high school maintained by the district" can be considered a private school in regard to the adoption and enforcement of its dress code because the school boards of the towns did not participate in its adoption or enforcement.

I have been unable to find any cases involving high schools or secondary schools in this context. All of the cases in which the question of state action was raised concerned colleges and universities.[5]

Counsel for the defendant has suggested that the plaintiff can go to Memorial High School in Manchester, which has no dress code, if he does not wish to abide by the dress code at Pinkerton Academy. This approach begs the issue. The plaintiff has a right to go to Pinkerton Academy. Pinkerton Academy has a contractual obligation to accept him as a student. He has been attending this school for three years and was supposed to start his senior year this September. The taxpayers of the Town of Derry are paying for his education at Pinkerton Academy. Although neither the school board of the school district of Derry nor the State Board of Education have interfered in the administration of Pinkerton Academy, it must be assumed that the State Board of Education has the authority to see to it that the Academy continues to meet the requirements of a comprehensive public high school during the term of the contracts. Clause 1 of contract.

The Court is of the opinion that the action of the defendant principal is "state action" under these facts and that the plaintiff has stated a good cause of action under 42 U.S.C. § 1983. Since Pinkerton Academy is directly accepting state money as tuition payments in return for educating all of the young men and women from the Town of Derry who wish to attend it as a secondary school, since the State Board of Education has continuing authority to see to it that its facilities and equipment are such that it will be approved as a comprehensive high school, and since it is, by state statute (N.H. R.S.A. 194:22), a high school maintained by the school district of Derry, its students have the same constitutional rights as do the students of any public high school. For constitutional purposes, therefore, the faculty and trustees of Pinkerton Academy, the school board of the school district of Derry, and the State Board of Education are together maintaining and operating the Academy as a public high school in the school district of Derry. The action of the principal in prohibiting the plaintiff from registering as a

---

5. Grossner v. Trustees of Columbia University, 287 F.Supp. 535 (S.D.N.Y.1968) and Browns v. Mitchell, 409 F.2d 593 (10th Cir. 1969) cited by the defendant are not on point since the only allegations of state action were the use of state funds, tax exemption, and public use of · private property. The same may be said of Powe v. Milds, 407 F.2d 73 (2nd Cir. 1968), except that the allegations also included the fact that the school was incorporated by the state and was subject to state educational standards.

student in his senior year because of his refusal to abide by the dress code is consequently action by the State of New Hampshire under color of state law. The motion to dismiss is denied.

There will be a hearing on whether or not the regulations relative to length of hair is justified. At that hearing, the Court will consider evidence on the nature of the liberty asserted, the context in which it is asserted, and the extent to which the intrusion on that liberty is confined to the legitimate public interest to be served. Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970).

### APPENDIX

### PINKERTON ACADEMY DRESS CODE

The Student Council and Home Room Representatives of Pinkerton Academy voted last spring to accept the following dress code for the school year 1970–1971:

1. Regular ties must be worn from October 15 to May 15. A tie must be worn except under the following conditions:

   a. Boys may wear turtleneck jerseys or crewneck sweaters if a shirt or suitcoat is also worn.

   b. Boys may wear turtleneck sweaters.

2. Girls may wear slacks only to and from school.

3. Girls must wear nylons or socks from October 15 to May 15. Boys must wear socks at all times.

4. Girls must wear appropriate dress which may include culottes, but shorts and scooter skirts may not be worn.

5. Boys must have shirt tails tucked inside pants.

6. No dungarees or blue denim jeans will be allowed.

7. Boys may wear hair not to cover the collar and the ears must show.

8. Sideburns are allowed to region of the earlobe.

9. Mustaches may be worn if they are neat and clean. No beards will be permitted.