Gershengorn, J.
This case arises out of the alleged procedurally defective expulsion of Brett Curran (“Brett”), a special needs student, from the Landmark School, a private educational facility. Plaintiffs’ complaint alleges that the Landmark School dismissed Brett in violation of federal handicap discrimination laws and deprived Brett of his civil rights. Plaintiffs further seek review of an adverse Bureau of Special Education Appeal’s (“Bureau”) decision pursuant to G.L.c. 30A, § 14. Defendants move to dismiss plaintiffs’ complaint pursuant to Mass.R.Civ.P. 12(b)(6) and argue, in sum, that Landmark is not subject to due process requirements because it is not a state actor, that the Bureau’s decision not to exercise jurisdiction over plaintiffs’ claim was proper, and that plaintiffs have failed to delineate a cause of action under the federal handicap discrimination statutes. For the reasons that follow, defendants’ motion to dismiss is ALLOWED IN PART and DENIED IN PART.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza v. Kotseas, 378 Mass. 85, 89 (1979).
Count I — Claims Pursuant to G.L.c. 30A, §14, 20 U.S.C. §1400, et seq., 29 U.S.C. §790 and 42 U.S.C. §12010 et seq.
As a preliminary matter, plaintiffs’ complaint is completely devoid of any allegation that the Landmark School discriminated against Brett. Accordingly, plaintiffs’ claim pursuant to the Federal Americans with Disabilities Act, 42 U.S.C. §12101, is dismissed. Furthermore, plaintiffs’ claim under the Federal Rehabilitation Act, 29 U.S.C. §790 et seq., is without foundation as the scope of this act is to require federal agencies to act affirmatively in order to reasonably accommodate handicapped employees or applicants. Rhone v. United States Dept. of Army, 665 F.Supp. 734, 742 (E.D. Mo. 1987). Simply put, the statute does not apply to plaintiffs’ claims.
Plaintiffs’ claim for judicial review of the Bureau’s decision that it lacks jurisdiction to hear complaints between parents and a private school is DISMISSED for the reasons provided by the Bureau in its ruling on Landmark School’s motion to dismiss. The applicable statutes and regulations clearly dictate that the Bureau’s jurisdiction only extends to disputes between parents and school committees regarding a student’s placement. See G.L.c. 71B; 603 C.M.R. §400.00 — 402.00; see also A.A. on behalf of A.A. v. Cooperman, 526 A.2d 1103, 1106 (N.J. Super A.D. 1987) (due process hearing pursuant to 20 U.S.C. §1415(b) (2) only required where issue involves appropriateness of local district’s placement of child).
Count Ill-Violation of 42 U.S.C.§1983
Plaintiffs allege that the Landmark School deprived Brett of his procedural and substantive due process rights by expelling him and altering his Individualized Education Plan. To this allegation, Landmark School argues that because it is a private organization it cannot be considered a state actor. To support this proposition, Landmark relies on Rendall-Baker v. Kohn, 457 U.S. 830, 831 (1982), in which the Supreme Court faced the issue of “whether a private school, whose income is derived primarily from public sources and which is regulated by public authorities, acted under color of state law when it discharged certain employees.” The court held that despite extensive state funding and regulation, the private school was not considered a state actor when it discharged certain employees. Id. at 840-41.
In this case, the section 1983 action involves a claim by a student, rather than an employee, against a private school. The First Circuit acknowledged the difference between students and employees in Rendell-Baker v. New Perspectives School, Inc., 641 F.2d 14, 26 (1st. Cir. 1981) aff'd 457 U.S. 830 (1982), stating “students . .. who are compelled to attend [the private school] under the state’s compulsory education laws, would have a stronger argument. . . that the school’s action towards them is taken ‘under color of state law, since the school derives its authority over them from *2 the. state.” See Johnson v. Pinkerton Academy, 861 F.2d 335, 338 (1st Cir. 1988) (responsibilities of private school relate to students not teachers); see also Milonas v. Williams, 691 F.2d 931, 940 (10th Cir. 1982), cert. denied, 460 U.S. 1069 (1983) (distinguishing Rendall-Baker and finding that students who are involuntarily placed in private schools have section 1983 claim for civil rights violations). Similarly, in Doe v. Hackler, 316 F.Supp. 1144 (D.N.H. 1970), the court found that Pinkerton Academy, an ostensibly private school, constituted a state actor for a 42 U.S.C. §1983 claim challenging the school’s dress code. The court ruled that because Pinkerton Academy was wholly funded and regulated by the state, its students had the same rights as any public high school student. Id. at 1147. Compare Wisch v. Sanford School, Inc., 420 F.Supp. 1310, 1314 (D. De. 1976) (private school subject to minimal state regulation not considered state actor for purposes of 42 U.S.C. §1983 claim).
Based on these cases, this court rules that plaintiffs have pled a proper section 1983 claim. Plaintiffs’ claim, however, alleging that Brett was denied substantive rights afforded a criminal defendant is wholly without merit. At most, Brett is entitled to those procedural due process rights established in the various regulations governing private schools. See Goss v. Lopez, 419 U.S. 565, 579 (1975) (at a minimum students facing suspension must be given some kind of notice and afforded some type of hearing).
ORDER
This court ORDERS that defendants’ motions to dismiss are ALLOWED IN PART and DENIED IN PART. Therefore, those portions of plaintiffs’ complaint alleging violations of 20 U.S.C. §1400 et seq. and 29 U.S.C. §790 et seq. are DISMISSED; plaintiffs’ claim for administrative review of the Bureau of Special Education Appeal’s decision is DISMISSED and a judgment is to issue declaring that the Bureau of Special Education Appeal’s decision is AFFIRMED. Plaintiffs’ claims for violations of 42 U.S.C. §1983 are DISMISSED in so far as they allege Brett Curran was entitled to substantive rights afforded a criminal defendant.
Defendants’ motions to dismiss are DENIED as to plaintiffs’ claims regarding the Federal Individuals with Disabilities Act, Declaratory Judgment and those claims alleging civil rights violations.