Grafton,
No. 6361.

PLYMOUTH SCHOOL DISTRICT

*v.*

STATE BOARD OF EDUCATION & *a.*

March 24, 1972.

*Murphy & Deachman* (*Mr. Walter L. Murphy* orally) for the plaintiff.

*Warren B. Rudman*, attorney general, and *Richard A. Hampe*, assistant attorney general, for State Board of Education, filed no brief.

*Wakefield & Ray* and *William H. Hopkins* (*Mr. Hopkins* orally) for defendants Ida Kelly and Virginia Dearbon.

LAMPRON, J.   The main issue to be decided on this appeal is whether the defendant school teachers, Ida Kelly and Virginia Dearborn, by having taught three years in the Plymouth State Laboratory School have acquired under RSA 189:14-a the right to have a hearing and to request the reasons "for failure to be renominated or reelected." Stated more succinctly, the issue is whether they have attained the status of tenured teachers.

The Plymouth School District brought a petition for a declaratory judgment of the status of these teachers under RSA 189:14-a. After hearing, the Trial Court (*Johnson,* J) made findings and rulings and decreed that Ida Kelly and Virginia Dearborn had obtained the right of tenure and were entitled to the procedural rights provided by the statute. The district's exceptions were reserved and transferred.

The court found that for a period in excess of 75 years the only elementary school in Plymouth was the laboratory school which conducted classes from kindergarten through the sixth grade under a contract between Plymouth State College and the Plymouth School District. Plymouth State College and its predecessor Teachers College (RSA 187:4-a) provided the teaching staff and all instructional services. RSA 187:8 (VIII). The district provided suitable modern elementary classrooms fully equipped for school use and paid the expenses necessary for the operation and maintenance of the physical plant and school grounds. The college bore the expense for the instruction of pupils including the salaries of classroom teachers. "To partially defray these expenses," the district agreed to pay to the college annually an amount

equal to the average cost per pupil for instructional services in elementary schools of comparable size and equalized valuation per pupil to Plymouth according to a detailed formula.

Since 1963 classroom teachers have been nominated by the president of the college and appointed by the trustees of the University of New Hampshire of which the college is now a division. A conference committee consisting of the Plymouth School Board, three persons appointed by the university trustees, and three qualified voters in the Plymouth School District could make recommendations relative to the employment of teachers to the president of the college and to a committee of the university trustees.

In accordance with the requirements of the contract, the college gave a written notice to the district prior to June 30, 1969, of its intention to terminate the agreement effective June 30, 1971. The laboratory school teachers were notified on October 10, 1969, that beginning in September 1970 applications by teachers for employment by the district effective in 1971 would be accepted. Ida Kelly and Virginia Dearborn applied. By letter dated March 25, 1971, they were notified they would not be nominated or elected as teachers in the district for the school year beginning in September 1971. Thereupon each demanded a hearing and a written statement of the district's reasons for its action as provided by RSA 189:14-a. When the district advised them that their demands would not be complied with as they were not entitled to these statutory benefits, they appealed to the State Board of Education for a review as provided by RSA 189:14-b. The board decided that they were entitled to tenure under the protection of RSA 189:14-a and advised the district to treat them accordingly.

RSA 189:14-a (Laws 1957, 285:1) provides as follows: "Failure to be Renominated or Reelected. Any teacher who has a professional standards certificate from the state board of education and who has taught for one or more years in the same school district shall be notified in writing on or before March 15 if he is not to be renominated or reelected. Any such teacher who has taught for three or more years in the same school district and who has been so notified

may request in writing within five days of receipt of said notice a hearing before the school board and may in said request ask for reasons for failure to be renominated or reelected. The school board, upon receipt of said request, shall provide for a hearing on the request to be held within fifteen days. The school board shall issue its decision in writing within fifteen days of the close of the hearing." Review of such a decision by the State Board of Education is provided by RSA 189:14-b (Laws 1957, 285:1).

It is agreed that defendants Kelly and Dearborn have the required State Board certificate. In support of their position the teachers point particularly to that part of RSA 189:14-a which grants the right to request a hearing and reasons to a "teacher who has taught for three or more years in the same school district." Each of them has taught in excess of five years in the laboratory school, the only elementary school in the Plymouth School District for grades kingergarten through six. The district emphasizes that part of this section which grants these rights to a teacher "for failure to be renominated or reelected." It points out that under the contract the president of the college nominates the teachers and the university trustees elect or appoint them and not the School Board of Plymouth.

It is well established, however, that the intention of the legislature expressed in the statute is the touchstone to its meaning. *Chagnon* v. *Union-Leader Co.*, 104 N.H. 472, 473, 190 A.2d 721, 722 (1963). The legislative intent of the section in question is to be determined from its language as a whole and not from a particular word or phrase. *Costoras* v. *Noel*, 100 N.H. 81, 83, 119 A.2d 705, 706 (1956). Its legislative history is also a valuable aid in ascertaining the intended meaning. *State* v. *Sullivan*, 101 N.H. 429, 146 A.2d 1 (1958). RSA 189:14-a was enacted from a bill which was amended in both house and senate before passage. It was described in the senate as a "rewritten bill . . . not so far reaching as the original bill to which there was great opposition by school board members and citizens." The "new version" attempted to "give a certified teacher whose contract is not to be renewed . . . a fair hearing. We believe that this is a fair

arrangement for protecting the teacher and for avoiding infringement of the rights of the school board." 1957 N.H.S. Jour. 668, 689; *Spencer* v. *Laconia School District*, 107 N.H. 125, 130, 218 A.2d 437, 441 (1966).

We are of the opinion that RSA 189:14-a was enacted to protect against unjust removal those teachers who have shown by educational attainment and by probationary trial their fitness to teach. This has been accomplished by providing these teachers with certain procedural safeguards in case of dismissal after they have served the required length of time in a particular school district. *See McSherry* v. *City of St. Paul*, 202 Minn. 102, 277 N.W. 541 (1938); 81 Harv. L. Rev. 1045, 1084-92 (1968).

We appreciate the validity of the district's argument that it is important that a school board have the opportunity to evaluate the ability of a teacher during her probationary period in order to decide whether she merits tenure. *Drown* v. *Portsmouth School District*, 435 F.2d 1182, 1184 (1st Cir. 1970); 81 Harv. L. Rev. *supra*, at 1092. However, in most cases, the school board will have had a three-year period to evaluate a teacher before she will obtain tenure under RSA 189:14-a. In the instant case, by analogy to the situation which exists when a district contracts with an academy or high school under RSA 194:22, it can be said that this evaluation has been done for the school board by the college under the contract with the district. *See Page* v. *Haverhill Academy*, 63 N.H. 216 (1884); *Doe* v. *Hackler*, 316 F. Supp. 1144 (D.C.N.H. 1970); RSA 189:1-a(supp.).

It is also interesting to note that as far as their retirement benefits are concerned the teachers in the laboratory school were treated like any public elementary teacher in any other public elementary school in the State. There is no evidence as to whether the legislature was aware of, or considered, the unusual situation which existed in the case of teachers in this Plymouth elementary school. However, viewing this law in its entirety, including its legislative history, we conclude that the legislature intended to create a general scheme of safeguards which was to apply to all teachers in public school districts of the State whether they were employed directly

by a school board or otherwise. It is not for this court to read into its terms exceptions which the legislature did not see fit to include in the statute. *Sigel* v. *Boston & Maine R.R.*, 107 N.H. 8, 23, 216 A.2d 794, 805 (1966).

We hold that the provisions of RSA 189:14-a, 14-b apply to the defendants Ida Kelly and Virginia Dearborn and that they cannot be dismissed by the Plymouth School Board or School District without having been given the hearing and statement of reasons which they have requested, as decreed by the trial court.

In view of the result reached, it is unnecessary to consider the other issues raised by the defendants in their briefs.

*Judgment for defendants.*

All concurred.