Carroll
No. 6831

Rᴉᴄʜᴀʀᴅ L. Sᴛᴏɴᴇᴍᴀɴ

v.

Tᴀᴍᴡᴏʀᴛʜ Sᴄʜᴏᴏʟ Dɪsᴛʀɪᴄᴛ;
Eʟᴠᴀ F. Bʀɪᴄᴋꜰᴏʀᴅ, Lᴀʀʀʏ Gʀᴀᴄᴇ
ᴀɴᴅ Pᴇʀᴄʏ T. Oʟᴛᴏɴ, Jʀ., ᴀs Mᴇᴍʙᴇʀs
ᴏꜰ ᴛʜᴇ Tᴀᴍᴡᴏʀᴛʜ Sᴄʜᴏᴏʟ Bᴏᴀʀᴅ

May 31, 1974

*McLane, Graf, Greene & Brown* and *Jack B. Middleton* and *Michael P. Hall (Mr. Middleton* orally) for the plaintiff.

*Frederic L. Cox* and *Hall, Morse, Gallagher & Anderson (Mr. Charles T. Gallagher* orally) for the defendants.

KENISON, C.J. The major issue in this case is whether the failure of the defendant school board to provide notice of a meeting in which it voted not to renew the plaintiff's contract as teaching principal of the elementary school for the 1973-74 school year violated RSA ch. 91-A (Supp. 1973) which requires in pertinent part public notice of the proceedings of any school board in the State.

The plaintiff was hired by the defendant school district as a teaching principal at the Kenneth A. Brett school in September 1970 and continued in this capacity through June 1973. In early March 1973, the superintendent of schools recommended to the school board that the plaintiff be reemployed for the 1973-74 school year and informed it that unless contrary action was taken by March 15, 1973, the plaintiff would be automatically rehired under RSA 189:14-a. The three members of the school board met in a closed session on March 12, 1973, without giving public notice. After considering a recommendation to rehire the plaintiff from the superintendent and a petition from several teachers in the elementary school expressing their opposition to his continued employment, they voted two to one to terminate his contract at the end of the school year. On March 13, 1973, the superintendent advised the plaintiff by letter that his contract would not be renewed for the following year.

The plaintiff brought an action for declaratory and injunctive relief against the defendants, and after a hearing on June 14, 1973, *Batchelder,* J., issued a temporary injunction restraining the defendant school board from replacing the plaintiff. A hearing on the merits was held on August 7, 1973, and the court ruled on August 21, 1973 that the school board violated RSA ch. 91-A (Supp. 1973) and held invalid its decision not to renew the plaintiff's contract. However, the court declared that it would not enforce the contract by injunctive relief because it involved personal services and vacated the temporary injunction. The plaintiff petitioned for a clarification of the decree, a restraining order and a citation for contempt because the defendant school board had subsequently voted to hire a replacement and ordered the superintendent to withhold the plaintiff's salary. After a hearing on September 5, 1973, the court clarified its decree by specifying that the plaintiff had an adequate remedy at law for money damages against the defendant school district and denied the requested relief. The plaintiff's exception to this ruling and the defendants' exceptions to other rulings during the course of these proceedings were reserved and transferred.

RSA 91-A:2 (Supp. 1973) requires that a notice of the time and place of the meetings of a school board must "be posted in two appropriate public places or . . . printed in a newspaper of general circulation in the city or town at least twenty-four hours, excluding Sundays and legal holidays, prior to such meetings." The only meetings excepted from this requirement are "executive sessions" and several specifically enumerated proceedings. RSA 91-A:3 I (Supp. 1973). "Executive sessions" are defined as meetings in which deliberations on official matters are conducted without information, evidence or testimony being received or a final vote being taken. The relevant enumerated proceedings include meetings in which the following matters are considered: (1) the dismissal, promotion, compensation, or disciplining of any public employee or the investigation of any charges against him unless an open meeting is requested by the employee, (2) the hiring of any person as a public employee, or (3) other matters likely to affect

adversely the reputation of any person. RSA 91-A:3 II (a)-(c) (Supp. 1973); *see Selkowe v. Bean,* 109 N.H. 247, 248-49, 249 A.2d 35, 36-37 (1968).

There is no question that a final vote was taken by the school board on March 12, 1973, in reference to the non-renewal of the plaintiff's contract for the 1973-74 school year, and thus that meeting cannot be classified as an "executive session." *Herron v. Northwood,* 111 N.H. 324, 326-27, 282 A.2d 661, 663 (1971); *cf. Carter v. Nashua,* 113 N.H. 407, 308 A.2d 847 (1973). The defendants urge, however, that the meeting should be seen as a proceeding in which the "hiring" of the plaintiff was considered or in alternative as a proceeding in which his reputation could have been adversely affected.

We disagree with the defendants' interpretation of the statute because the use of the term "hiring" in the context of RSA 91-A:3 II (Supp. 1973) refers to the selection of a person for public employment in the first instance. The legislative scheme distinguishes between persons employed by the government who must be notified of proceedings relating to their employment status and be given an opportunity to request an open meeting and those who are being considered for public employment and have no such rights. This distinction reveals a legislative concern for protecting the public employee from improper official conduct by compelling the government to make public the considerations on which its action is based. *Carter v. Nashua,* 113 N.H. 407, 416, 308 A.2d 847, 853 (1973). This concern does not extend to persons who have merely applied for government positions because they have not acquired employment rights.

The broad phrase "dismissal, promotion, or compensation of any public employee or the disciplining of such employee, or the investigating of any charges against him" in RSA 91-A:3 II (a) (Supp. 1973) evidences a legislative intent to require an open meeting on any matter affecting the employment status of a public employee if such a meeting is requested by him. Although its specific words do not refer to the non-renewal of a contract, RSA 189:13 and 14-a make clear that such action amounts to a "dismissal" because a school board

must vote to dismiss a teacher prior to March 15 or his contract is automatically renewed for the following year. *Plymouth School Dist. v. State Bd. of Educ.,* 112 N.H. 74, 78-79, 289 A.2d 73, 75-76 (1972); *see Spencer v. Laconia School Dist.,* 107 N.H. 125, 129-30, 218 A.2d 437, 441 (1966); 4 E. McQuillin, The Law of Municipal Corporations § 12.255 (3d ed. 1973). Thus, the trial court correctly ruled that the defendant school board failed to comply with RSA ch. 91-A (Supp. 1973).

It is argued, however, that the defendant school board's failure in this respect was no more than a harmless error because the plaintiff received notice prior to March 15 and could have requested a hearing and obtained administrative review of the school board's decision under RSA 189: 14-a and -b. We are not persuaded by this argument because its practical effect would encourage the government to disregard the provisions of RSA ch. 91-A (Supp. 1973) where other statutory means were available at the initiative of citizens to compel public access to meetings and records. RSA ch. 91-A (Supp. 1973) places the burden on the government to make its proceedings public, and this objective would be subverted if the statute were construed to enable the government to avoid its duty. *Herron v. Northwood,* 111 N.H. 324, 326, 282 A.2d 661, 663 (1971); *see* 16 E. McQuillin, The Law of Municipal Corporations §§ 46.09 (b), .14 (a) (3d ed. 1972).

The defendants contend that even if RSA ch. 91-A (Supp. 1973) were violated by the failure to post notice, the trial court improperly invalidated the decision of the school board. They point out that the statute makes no provision for invalidation of official action and argue that such a remedy would severely disrupt the administrative process. We have previously stated that where the government has failed to comport with its duties under RSA ch. 91-A (Supp. 1973) it must run the risk that its action will be invalidated. *Carter v. Nashua,* 113 N.H. 407, 417, 308 A.2d 847, 853 (1973); *Hardiman v. Dover,* 111 N.H. 377, 380, 284 A.2d 905, 907 (1971); Annot., 38 A.L.R.3d 1070 § 7 (b) (1971, Supp. 1973). The record indicates that the plaintiff was a controversial figure who was either admired or disliked depending on the observer's point of

view. The plaintiff expressed concern that the adverse evidence relied upon by the school board at the closed meeting distorted his performance as a teacher-principal in the elementary school. He also drew attention to the fact that his relationship with the board was strained because of a dispute concerning the role of the board in reference to the administrative details of operating the school. In view of these circumstances, it is apparent that an open meeting should have been held as a safeguard against improper official conduct, and we are therefore in accord with the ruling of the trial court.

The plaintiff objects to the trial court's denial of his request for specific performance on the grounds that the violation of his procedural rights cannot be compensated adequately by money damages, that his professional reputation has been irreparably harmed and that the personal service required by this contract would not place the parties in a distasteful working relationship. Whether or not these considerations have merit (see N. Edwards, The Courts and the Public Schools 505-08 (3d ed. 1971)), the granting of a decree for specific performance would be inappropriate at this time because the 1973-74 school year is almost completed. Accordingly, we hold that the plaintiff is entitled to his full salary under RSA 189:14 for this period subject to appropriate mitigation of damages in accordance with Spencer v. Laconia School District, 107 N.H. 125, 218 A.2d 437 (1966), which may be assessed by the trial court. Furthermore, in order to preserve the spirit of RSA ch. 91-A (Supp. 1973), we believe that if the plaintiff has an interest in serving as the teaching principal of the elementary school for the 1974-75 school year, the trial court may find that the school board should be required to hold an open meeting on the question of whether his contract should be renewed and comply if necessary with the provisions of RSA 189: 13, 14-a (with the exception of the March 15 deadline) and 14-b.

*Plaintiff's exception overruled;*
*defendants' exceptions overruled; remanded.*

All concurred.