Hillsborough
No. 78-004

STEPHEN C. NAZZARO

v.

MERRIMACK SCHOOL DISTRICT & a.

April 25, 1978

*McLane, Graf, Greene, Raulerson & Middleton P.A.*, of Manchester and *Robert E. Jauron* (*Jack B. Middleton* orally), for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Allan Hall* orally), for the defendants.

GRIMES, J.   The issues in this appeal are whether the plaintiff school teacher, Stephen Nazzaro, has the right to have a hearing and to have the school board state reasons for his failure to be renominated and reelected to a teaching position with the Merrimack School District. Plaintiff asserts that he qualifies for these rights either pursuant to RSA 189:14-a or to the due process clause of the fourteenth amendment and the New Hampshire Constitution.

Plaintiff was a school teacher in the Merrimack School District during the school years 1973–74, 1974–75, 1975–76, and 1976–77. When the superintendent of schools, Mr. Leavitt, failed to renominate him for reemployment for the 1977–78 school year, the plaintiff requested a written statement of reasons for this action and a hearing before the school board. RSA 189:14-a. Plaintiff did not receive a written statement or a hearing. Subsequently he filed a petition for declaratory judgment and injunction, in which he sought a declaration that he was entitled to written statements of reasons and a hearing. Plaintiff also requested the court to enjoin the defendants from replacing him for the 1977–78 school year and to order the defendants to reinstate him. On July 13, 1977, following a hearing, the plaintiff's petition was denied. *Goode*, J., reserved and transferred plaintiff's exceptions to the finding, ruling, and decree.

Plaintiff moved to New Hampshire in the fall of 1973 and secured a New Hampshire teacher's certificate. He applied for full-time teaching and substitute teaching positions with several school districts. He served as a substitute teacher on a few occasions with the Merrimack School District during the fall of 1973. At some point, the plaintiff learned that two full-time teachers would be needed in the Reeds Ferry School to take the place of teachers who were leaving the school in mid-year. Plaintiff applied and interviewed for these two positions.

The plaintiff was chosen to fill one of these openings. He received a letter from Mr. Leavitt dated February 5, 1974, officially notifying him that he had been hired. Plaintiff began teaching on February 25, 1974, after spending several days in the classroom to smooth the transition from one teacher to the next.

The defendant school district follows a policy that any teacher who is hired during the year to teach in excess of ninety days is nominated by the superintendent, elected by the school board, and issued a contract under RSA 189:39 (Supp. 1975). A person so elected, nominated, and given a contract is credited by the school district with a full year's teaching experience for pay purposes, master's degree requirements, "tenure," and all the other benefits of the teachers' master contract. Anyone hired to teach less than ninety days is not elected, nominated, or given a contract under RSA 189:39 (Supp. 1975). Consequently he will not receive credit toward any of those benefits. Because the plaintiff worked less than ninety days in the 1973–74 school year, the superintendent did not nominate and the school board did not elect the plaintiff for those eighty-one days. The school district pursuant to its "90 day policy" did not grant him any credit for the days he taught in 1974.

From February 25, 1974, until the end of the school year, plaintiff wrote lesson plans for each day's activities, attended teachers' meetings, tested the children, and functioned as a full-time teacher. Plaintiff was paid a scaled wage for a beginning teacher rather than the per diem rate of twenty-five dollars a day paid to a substitute. Plaintiff was also allowed some of the benefits available to teachers with contracts, including sick days and health insurance.

Plaintiff was awarded contracts for the school years 1974–75, 1975–76, and 1976–77 after being evaluated in each of the prior school years. However, on March 4, 1977, before completion of his third year under contract, plaintiff received written notice from Mr. Leavitt that he would not be renominated for the 1977–78 school year.

Defendants assert that the plaintiff's eighty-one days of teaching in the 1973–74 school year without having been nominated, elected, or placed under contract pursuant to RSA 189:39 (Supp. 1975) should not be counted to determine if he were a teacher who had taught for three or more years under the provisions of RSA 189:14-a. RSA 189:14-a provides:

> *Failure to be Renominated or Reelected.* Any teacher who has a professional standards certificate from the state board of education and who has taught for one or more years in the same school district shall be notified in writing on or before March 15 if he is not to be renominated or reelected. Any such teacher who has taught for three or more years in the same school district and who has been so notified may request in writing within five days of receipt of said notice a hearing before the school board and may in said request ask for reasons for failure to be renominated or reelected. The school board, upon receipt of said request, shall provide for a hearing on the request to be held within fifteen days. The school board shall issue its decision in writing within fifteen days of the close of the hearing.

RSA 189:39 (Supp. 1975) provides the method of choosing teachers:

> How Chosen. Superintendents shall nominate and school boards elect all teachers employed in the schools in their union, providing such teachers hold a valid educational credential issued by the state board of education.

The trial court ruled that plaintiff was not protected under RSA 189:14-a. It construed the phrase "three or more years" as used in the statute as requiring three or more years of employment under contract issued pursuant to RSA 189:39 (Supp. 1975). The trial court ruled that plaintiff's employment status for RSA 189:14-a purposes did not begin until September 1, 1974. He therefore did not have the requisite three or more years on March 4, 1977, when he received notice of nonrenomination.

■ ■ When construing a statute, this court will look to both the legislative intent and the objectives of the legislation. *Kinchla v. Baumner*, 114 N.H. 818, 820, 330 A.2d 112, 113 (1974). In *Spencer v. Laconia School District*, 107 N.H. 125, 218 A.2d 437 (1966), we noted that this "legislation was designed in part to afford greater security to the teacher. By enacting it, the legislature . . . concluded that the issue of renomination should not be left solely to the

decision of local authorities." *Id.* at 130, 218 A.2d at 441. The objectives of RSA 189:14-a are "to protect against unjust removal those teachers who have shown by educational attainment and by probationary trial their fitness to teach." *Plymouth School Dist. v. State Bd. of Educ.,* 112 N.H. 74, 78, 289 A.2d 73, 76 (1972).

In *Plymouth,* two public school teachers were held entitled to the protection of RSA 189:14-a even though in five years they had not been nominated or elected once in accordance with the express provisions of RSA 189:39 (Supp. 1975). After reviewing the legislative history and looking at the language of RSA 189:14-a, the court found that "the legislature intended to create a general scheme of safeguards which was to apply to all teachers in public school districts of the State whether they were employed directly by a school board or otherwise." *Id.* at 78–79, 289 A.2d at 76; *see McDonough v. Kelly,* 329 F. Supp. 144 (D.N.H. 1971). We reaffirm our holding in *Plymouth* that teachers need not be nominated by the superintendent and elected by the school board under RSA 189:39 (Supp. 1975) to be entitled to the protection of RSA 189:14-a.

We are unpersuaded by the defendants' argument that *Plymouth* is distinguishable from the instant case. In both cases the teachers were not nominated or elected. Yet, we held that the teachers in *Plymouth* were entitled to the procedural protection of RSA 189:14-a. We are not inclined to disregard, distinguish, or overrule the holding in *Plymouth,* but if we have misinterpreted the legislature's intent, the General Court should take appropriate action. *State v. Ayres,* 118 N.H. 90, 383, A.2d 87 (1978); *Davis v. Manchester,* 100 N.H. 335, 340, 126 A.2d 254, 258 (1956).

We also note that the phrase "any such teacher" contained in the second sentence of RSA 189:14-a refers back to "any teacher who has professional standards certificate" in the preceding sentence of RSA 189:14-a. It does not refer only to a teacher who has been nominated or elected. The plaintiff has a professional standards certificate, and is therefore "any such teacher" referred to in the second sentence of RSA 189:14-a. Having determined that a teacher does not have to be nominated or elected pursuant to RSA 189:39 (Supp. 1975), we must determine whether plaintiff was a "teacher who had taught for three or more years." RSA 189:14-a.

Under RSA 21:8, the term "year" is generally defined under our statutes to mean calendar year, unless otherwise expressed. Defendants argue that the word "years" in RSA 189:14-a means "contract years" despite the legislature's failure to draft the statute in terms of

contract years, school years, or otherwise. Because the legislature did not so qualify these words, the word "years" therefore means calendar years.

We have little trouble determining that plaintiff was a teacher as that term is used in RSA 189:14-a. Plaintiff was not merely a substitute. He was a full-time teacher with all responsibilities and duties of any other teacher in the Reeds Ferry School for the eighty-one days he worked in 1974. He was therefore a teacher who had taught from February 25, 1974, to March 4, 1977, and was entitled to the protection of RSA 189:14-a. In view of our interpretation of RSA 189:14-a, consideration of any other issues raised by the parties on this appeal is unnecessary.

*Exceptions sustained.*

All concurred.