Board of Education
No. 80-413

## PETITION OF GORHAM SCHOOL BOARD
### (New Hampshire Board of Education)

October 7, 1981

*McLane, Graf, Raulerson & Middleton,* of Manchester, and *Anne S. Richmond,* of Concord (*Jack B. Middleton* and *Ms. Richmond* on the brief, and *Mr. Middleton* orally), for Conrad Graham.

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*Bradley F. Kidder* and *James L. Burke* on the brief, and *Mr. Kidder* orally), for the Gorham School Board.

DOUGLAS, J. In this case, we must decide what rights a tenured public school teacher has when terminated because of a reduction in work force.

In the past six years, the school population in the town of Gorham has declined by over sixteen per cent. In 1980, the voters at the annual school district meeting reduced the school budget by almost $28,000, thereby triggering a review of staffing patterns in the schools. While one outside consultant recommended that the elementary school guidance counselor position be eliminated, a New Hampshire Department of Education official recommended the position be reduced from full to half-time. Four positions were eliminated, and the superintendent recommended that two others become half-time. Pursuant to RSA 189:14-a, the superintendent, on March 10, 1980, notified Mr. Conrad Graham that he was not being "renominated for a full-time guidance position for the 1980–81 school year" but was being offered the half-time position at a salary of $8,650.

Mr. Graham requested a hearing, and the local board in turn asked the State Board of Education whether a hearing had to be provided. After the State Board answered in the affirmative, the local board held a hearing and concurred with the decision of the superintendent to offer the position to Mr. Graham on a half-time basis. Mr. Graham then appealed to the State Board of Education,

which held a hearing on August 25, 1980. The State Board ordered the local district to place Mr. Graham in a full-time science vacancy because "Mr. Graham, through his employment in the school district for more than three years, acquired a property right and [sic] continued employment in the district." The local board asked for a rehearing, which was denied. This appeal timely followed.

■ We note at first that there is no provision for appeal of decisions from the State Board of Education, because they are "final." RSA 189:14-b. This does not mean, however, that such decisions are insulated from judicial review. *See Landaff School Dist. v. State Bd. of Educ.*, 111 N.H. 317, 318, 282 A.2d 678, 679 (1971). *See also Taylor v. Ballot Law Comm'n*, 118 N.H. 671, 673, 392 A.2d 1203, 1204 (1978). The writ of certiorari lies because the Gorham School Board is a party "directly affected" by the decision of the State Board. *See Melton v. Personnel Comm'n*, 119 N.H. 272, 277, 401 A.2d 1060, 1063 (1979). The standard of review is not the same as for an appeal under RSA ch. 541, but is limited to "whether the 'agency has acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily or capriciously.'" *Id.* at 280, 401 A.2d at 1065. While it is not statutorily necessary to request a rehearing of an administrative agency ruling not governed by RSA 541:3, the local board properly did so to enable the agency to have an opportunity to correct errors in the interest of judicial economy.

■ The plaintiff board asserts that it did not have to grant a nonrenewal hearing to Mr. Graham because he was renominated to *a* position, albeit half-time. RSA 189:14-a protects as "tenured" any full-time teacher who has served for three years so that he or she must, on or before March 15, be notified if a contract will not be offered for the upcoming school year. *See generally Nazzaro v. Merrimack School Dist.*, 118 N.H. 287, 385 A.2d 230 (1978). While it is true that Mr. Graham was offered a half-time position, he was not, in fact, renominated to the full-time position he had held for thirteen years. Even if the reason is monetary, the local board must provide a hearing if timely requested by the teacher, and the teacher "may in said request ask for reasons for failure to be renominated or reelected." RSA 189:14-a.

■■ On the other hand, the State Board errs when it reads too much into RSA 189:14-a. That law is meant "to protect against unjust removal those teachers who have shown by educational attainment and by probationary trial their fitness to teach." *Plym-*

*outh School Dist. v. State Bd. of Educ.*, 112 N.H. 74, 78, 289 A.2d 73, 76 (1972). It is a process due those teachers who have attained "tenured" status who are not being retained, whether the reason be cause, reductions in work force due to financial cuts, declining enrollments, reorganizations, etc. It is not a guaranteed full employment act.

■■ We note that the "extent of an employee's property interest in his employment . . . is determined by applicable state law," *McIntosh v. Personnel Comm'n*, 117 N.H. 334, 336, 374 A.2d 436, 437 (1977), and "[n]one of our decisions have held as a matter of state law that public employment per se becomes a protected property right of the employee." *Desmarais v. State Personnel Comm'n*, 117 N.H. 582, 588, 378 A.2d 1361, 1364 (1977). If a teacher is to have "bumping rights" or other priority in filling vacancies, that matter may be governed by contract or collective bargaining agreements under RSA ch. 273-A (Supp. 1979). In the absence of such an agreement, the teacher has no "property right" in some other job in the district. Thus the State Board erred as a matter of law when it held otherwise.

*Petition granted; case dismissed.*

BATCHELDER, J., did not sit; the others concurred.