Grafton
No. 81-459

LINLEE ENTERPRISES, INC. d/b/a JOE'S EQUIPMENT SERVICE
AND DOVER ENERGY, INC.

v.

THE STATE OF NEW HAMPSHIRE *& a.*

May 17, 1982

456

*Perkins, Upshall & Robinson P.A.*, of Concord (*Kenneth L. Robinson, Jr.*, and *Harold W. Perkins* on the brief, and *Mr. Robinson* orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*Jeffrey R. Howard*, attorney, on the brief and orally), for the State of New Hampshire.

KING, C.J. The plaintiff, Linlee Enterprises, Inc. d/b/a Joe's Equipment Service and Dover Energy, Inc., filed an action for declaratory judgment after the defendants, the State of New Hampshire and Raymond T. Dewhurst, the State fire marshal, required it to refrain from selling unvented space heaters for *any* use. The plaintiff sought a ruling that RSA 158:28 (Supp. 1981) is unconstitutionally vague or, alternatively, that the statute prohibits the sale of unvented space heaters only if they are to be used in *occupied* structures.

The Superior Court (*Johnson*, J.) granted the plaintiff's motion for a preliminary injunction preventing the defendants from enforcing RSA 158:28 (Supp. 1981) by prohibiting the plaintiff from selling unvented space heaters for any use. The defendants appealed the issuance of the injunction, and the superior court simultaneously transferred the following question to this court: "Does RSA 158:28 prohibit all sales and offers for sale of unvented space heaters?" We uphold the trial court's decision to grant a preliminary injunction and answer the transferred question in the negative.

We disagree with the plaintiff's argument that we should refuse to answer the transferred question. RSA 491:17, which permits the trial court to transfer questions to this court, is sufficiently broad to encompass the situation posed by this appeal. We therefore turn to the issues raised by the transferred question.

The relevant portion of RSA 158:28 (Supp. 1981) provides as follows: "No person shall sell, offer for sale or install in any occupied structure an unvented space heater." RSA 158:28 I (Supp. 1981).

We cannot agree with the defendants that this sentence clearly and unambiguously prohibits the sale of unvented space heaters for any use. While we agree that the phrase "in any occupied structure" modifies the verb "install," we conclude that the phrase might also be construed as modifying the verbs "sell"; and "offer for sale."

■ ■ Because the language of the statute is ambiguous, *see State Employees' Ass'n of N.H. v. Bd. of Trustees*, 120 N.H. 272, 273, 415 A.2d 665, 666 (1980), we must determine the meaning of the words by looking beyond the statute itself. *See Nazzaro v. Merrimack School Dist.*, 118 N.H. 287, 290, 385 A.2d 230, 232 (1978). The first extrinsic evidence of legislative intent to be examined is the legislative history. *See id.* at 274, 385 A.2d at 232.

■ ■ In documents reporting the subcommittee hearings on House Bill 214, enacted as Laws 1979, 389:4 and codified as RSA 158:28 (Supp. 1981), we have found statements to support the positions of both parties. The clear majority of the language, however, supports the position of the plaintiff that RSA 158:28 (Supp. 1981) was enacted to prohibit "the sale of unvented space heaters *for use in occupied* buildings." Record of Hearing before House Committee on Public Protection and Veterans' Affairs, March 8, 1979, at 1. (Emphasis added.) The purpose of the legislation as set forth in the subcommittee report was to prevent "accidental asphyxiation resulting from the use of unvented space heaters in *occupied* buildings." *Id.* at 2. (Emphasis added.)

■ Additionally, the interpretation of the statute that the plaintiff seeks will avoid a possibly illogical result. *See New Hampshire-Vermont Health Service v. Commissioner of Insurance*, 122 N.H. 268, 272, 444 A.2d 508, 510 (1982); *In re Russell C.*, 120 N.H. 260, 264, 414 A.2d 934, 936 (1980); *Blais v. Town of Goffstown*, 119 N.H. 613, 616–17, 406 A.2d 295, 297–98 (1979). If we were to interpret the statute as the defendants suggest, the result would be to allow New Hampshire residents to buy unvented space heaters in bordering states and then install them in unoccupied structures. These persons, however, could not buy the unvented space heaters in New Hampshire. We cannot conclude that the legislature intended this result. *See generally In re Russell C.*, 120 N.H. at 264, 414 A.2d at 936. Rather, the legislative purpose was to promote safety by discouraging the use of unvented space heaters in occupied structures by forbidding the sale of these items for that use and by prohibiting their installation in occupied structures.

Because we have interpreted the statute as prohibiting the sale

of unvented space heaters only for use in occupied buildings, we need not reach the plaintiff's argument that the statute is unconstitutionally vague.

*Remanded.*

BROCK, J., did not sit; the others concurred.