Cheshire
No. 86-408

DENNIS LITTKY

v.

WINCHESTER SCHOOL DISTRICT

August 6, 1987

*Backus, Meyer & Solomon*, of Manchester (*Jon Meyer* on the brief and orally), for the plaintiff.

*James L. Burke*, of Gilford, by brief and orally, for the defendant.

*James F. Allmendinger*, of Concord, by brief for NEA-New Hampshire, as *amicus curiae*.

JOHNSON, J.    The defendant, Winchester School District, appeals from orders issued by the Trial Court (*Manias*, J.) dated June 19, and August 21, 1986. These orders included a requirement that the school board hold a nonrenewal hearing pursuant to RSA 189:14-a (Supp. 1986) and :14-b for the plaintiff, Dr. Littky, who is principal of Thayer High School, and allow him to remain in position until he had been afforded a hearing and a right of appeal as provided by statute. Dr. Littky cross-appeals, seeking attorney's fees and costs and a ruling that the school district did not comply with the notice requirement of RSA 189:14-a (Supp. 1986). We affirm the decision of the trial court, except the portion of its ruling not allowing the plaintiff to collect attorney's fees and costs.

Dr. Dennis Littky has served as principal of Thayer High School in Winchester since the fall of 1981. On March 31, 1986, the assistant superintendent of schools for the Winchester School District recommended him for renewal of his sixth annual contract. The school board voted against renewal on that same day, which was the last day permitted under RSA 189:14-a (Supp. 1986) to give nonrenewal notice, whereupon Dr. Littky asked for written reasons and a hearing before the board. The school board scheduled a hearing for April 21, 1986, and on April 16, orally provided Dr. Littky with reasons for his nonrenewal. On April 17, the board voted to rescind its nonrenewal vote and to offer Dr. Littky a full-time teaching position. The scheduled hearing was cancelled. The proffered teaching position was in the elementary school at a salary approximately $13,000 less than his salary as principal.

The trial court specifically found "that the rescission vote and teaching offer were an attempt by the defendant's School Board to deprive the plaintiff of statutorily guaranteed procedural rights." The record contains evidence that the nonrenewal vote was

rescinded in order to circumvent the hearing procedure and, thus, prevent Dr. Littky from receiving a full hearing before the board.

The defendant presents the following issues for our review: (1) whether the term teacher contained in RSA 189:14-a (Supp. 1986) and :14-b includes principal; (2) whether the 1985–86 academic year contract entered into between the parties eliminated Dr. Littky's rights under RSA 189:14-a (Supp. 1986) and :14-b; (3) whether RSA 189:14-a (Supp. 1986) and :14-b are applicable to Dr. Littky's transfer from high school principal to elementary school teacher; (4) whether Dr. Littky's transfer was invalid because it failed to comply with the requirement of RSA 189:39 that Dr. Littky be nominated to his position by the superintendent; and (5) whether Dr. Littky should have been allowed to remain in position until he had been afforded a hearing before the New Hampshire State Board of Education and pending this appeal.

We first address the issue of whether the definition of "teacher" is broad enough to cover a principal for the purpose of providing statutory protection when a nonrenewal notice is to be given by a school board pursuant to RSA 189:14-a (Supp. 1986). The provision which was effective until January 1, 1987, reads, in part:

> "Any teacher who has a professional standards certificate from the state board of education and who has taught for one or more years in the same school district shall be notified in writing on or before March 31 if he is not to be renominated or reelected. Any such teacher who has taught for 3 or more years in the same school district and who has been so notified may request in writing within 5 days of receipt of said notice a hearing before the school board and may in said request ask for reasons for failure to be renominated or reelected. The school board, upon receipt of said request, shall provide for a hearing on the request to be held within 15 days."

*Id.*

The defendant argues that the plaintiff should not be given the procedural rights guaranteed to teachers under the aforementioned statute. It asserts both that the legislative history indicates that the legislature specifically intended to exclude principals, and that including principals within the definition of teacher is contrary to the axiom that we will give statutory language its ordinary and plain meaning. *See Corson v. Brown Prods., Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). In response to the first assertion, we cannot find a specific legislative intent to exclude principals from the definition of teacher. Regarding the defendant's second

assertion, the legislature chose not to include a definition of teacher in RSA chapter 189. Moreover, a statutory mechanism for adoption of definitions is available. *See* RSA 541-A:1, XIII (Supp. 1986). The legislature has enabled the State Department of Education to promulgate rules for the purpose of carrying out the legislative mandate as contained in the statute. *See generally* RSA ch. 541-A.

■ As we read it, the purpose of RSA 189:14-a (Supp. 1986) and :14-b is to protect a teacher from arbitrary and unreasoned dismissal. The statute provides that teachers who have taught for a certain time period, in the same school district, are entitled to a procedural due process which includes notice and an opportunity to be heard. *See id.* In a rule which outlines what procedures are to occur in this process, the department defined "teacher" to include principal, thus affording principals the same procedural due process to which teachers are entitled.

> "'Teacher' means any professional employee of any school district whose position requires certification by the state board as a professional engaged in teaching. *Principals*, assistant principals, librarians, and guidance counselors are also included within the definition of this term."

N.H. ADMIN. RULES, Ed. 201.01 (emphasis added). If the legislature disagrees with this rule, we find no evidence of it, since it has had several opportunities to amend the statute to provide otherwise. It has not done so. In addition, we have stated that "the construction of a statute by those charged with its administration is entitled to substantial deference . . . . [In fact a]n administrative interpretation may be persuasive." *N.H. Retirement System v. Sununu*, 126 N.H. 104, 108, 489 A.2d 615, 618 (1985) (citations omitted).

■ Accordingly, we hold that, in the absence of any clear legislative intent to the contrary, application of the administrative definition is appropriate and, thus, the definition of teacher includes principal. Dr. Littky should have been afforded the protection of RSA 189:14-a (Supp. 1986) and :14-b, and the trial court did not err in finding that these provisions are applicable in this case. *Cf. Petition of Gorham School Board*, 121 N.H. 878, 436 A.2d 74 (1981) (non-teaching guidance counselor entitled to :14-a protection); *Stoneman v. Tamworth School Dist.*, 114 N.H. 371, 320 A.2d 657 (1974) (elementary teaching principal entitled to rights provided under RSA 189:14, and remanded to consider specific compliance with :14-a and :14-b).

Since we find that RSA chapter 189 is applicable, we next address whether Dr. Littky's rights under RSA 189:14-a (Supp. 1986) and :14-b were eliminated by the 1985–86 academic year contract between the principal and the school district. The pertinent part of the contract reads as follows: "i. [t]hat the principal is entitled to 25 days of vacation leave[;] j. [t]hat appointment as principal is for a term of one year only. The provisions of RSA: 189:14A [sic] concerned with tenure do not apply to renomination or reelection in the position of principal." These provisions were contained on the reverse side of a one-page contract. There was testimony that "section i" regarding the number of allowable vacation days was the subject of discussion and was, in fact, the reason for the provisions on that opposite page. Even if a bargaining process occurred, we hold that one cannot bargain away one's statutory rights. See Spencer v. Laconia School District, 107 N.H. 125, 218 A.2d 437 (1966). In Spencer, one section of a teacher's contract was written contrary to what was set out in the statute. The contract allowed notice of nonrenewal to be given to a teacher later than did the statute. This court stated that:

> "[T]he inconsistencies between the contract provision and the statute are more fundamental than the mere discrepancy in the date of the required notice . . . . The provisions . . . of the contract would in effect permit the defendant to nullify the . . . statute and cannot be held valid."

Id. at 130, 218 A.2d at 441.

We decline to reverse our holding in Spencer, and in upholding that ruling, we reemphasize that RSA 189:14-a (Supp. 1986) and :14-b were enacted to protect teachers by taking into account the relative bargaining positions between teachers and their school boards. Given this legislative intent, contract provisions that attempt to dispense with the rights of a teacher or principal pursuant to the above statutes are void.

The plaintiff is included in and protected by the statute, and we hold that due to the nature and timing of the issues in this case, the trial court appropriately ordered that Dr. Littky be allowed to remain in position until he had been afforded a hearing and right of appeal pursuant to RSA 189:14-a (Supp. 1986) and :14-b. Having reached these conclusions, we see no reason to address the issues regarding Dr. Littky's transfer to an elementary school teaching position.

The plaintiff cross-appeals and asserts that he should be awarded attorney's fees and further asks this court to find that the trial court erred in failing to order Dr. Littky's contract renewed for the academic year 1986–87 because of the defendant's rescission of its notice of nonrenewal.

We disagree with the trial court's decision relative to attorney's fees and costs. The definition of teacher was clearly a part of the regulations adopted by the department of education to implement RSA chapter 189. *See* N.H. ADMIN. RULES, Ed. 201.01; *see generally* N.H. ADMIN. RULES, Ed. ch. 200. According to the Administrative Procedures Act, if the school board believed this definition of teacher did not apply to Dr. Littky as principal, it could have filed an action for declaratory judgment in the Merrimack County Superior Court for a determination of the definition's applicability. RSA 541-A:7. The board failed to do this, and instead voted against renewing Dr. Littky's contract and in favor of offering him a full-time elementary school teaching position.

■■ The board's conduct meets the test we set out in *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), where we stated that "[w]here an individual is forced to seek judicial assistance to secure a clearly defined and established right, which should have been freely enjoyed without such intervention, an award of counsel fees on the basis of bad faith is appropriate." *Id.* at 691, 377 A.2d at 619. Our reasoning was that the party responsible for the unnecessary judicial proceeding should be required to bear the financial burden. *Id.* In the case at bar, the defendant should have provided the plaintiff with an opportunity to be heard both at the local and State levels. Instead, the plaintiff was denied the status of a teacher, conferred by a regulation with statutory force, and was required to bring suit to enforce his rights thereunder. Thus, he is entitled to attorney's fees and costs.

We decline to rule on the plaintiff's second issue concerning the trial court's failure to renew the plaintiff's contract for the 1986–87 academic year, as the issue is moot. *See Soares v. Town of Atkinson*, 129 N.H. 313, 529 A.2d 867 (1987).

We remand to the trial court for a determination of the reasonable amount of attorney's fees. Costs are awarded to the plaintiff as the prevailing party. RSA 525:1.

> *Affirmed in part; reversed in part; remanded.*

All concurred.