Hillsborough
No. 90-120

LOIS FERREIRA

v.

BEDFORD SCHOOL DISTRICT

December 31, 1990

*James F. Allmendinger*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Alan Hall & a.* on the brief, and *Mr. Hall* orally), for the defendant.

JOHNSON, J.   The plaintiff, Lois Ferreira, appeals an order of the Superior Court (*Murphy*, J.) granting the defendant's motion to dismiss. The issue in this case is whether RSA 189:14-a, providing protections to certain teachers in the event of contract nonrenewal, applies to school nurses. We hold that it does not, and therefore affirm.

Ferreira began working for the defendant, Bedford School District (the district), as an elementary school nurse in 1979. At that time, she was certified as a school nurse by the New Hampshire Department of Education (now the board of education), and was also licensed as a nurse by the New Hampshire Board of Nurse Education and Nurse Registration (now the board of nursing). At the time of this litigation, she was still both licensed by the board of nursing and certified by the board of education.

The district employed Ferreira as a school nurse for ten years. During those years she performed the traditional duties of a school

nurse; *i.e.*, tending to the health of the elementary school children. In addition, she occasionally instructed the students on health matters. In an affidavit, she described this aspect of her job as consisting of

"one-on-one instruction and follow-up with students on first-aid and wellness which is individual health education; at the request of classroom teachers, instruction in the classroom on wellness, personal hygiene and the digestive system as required in the third grade curriculum; with the approval of the school district, instruction at a school-wide assembly and individual classroom follow-up regarding the special problems faced by 'latch-key' children; instruction in cancer prevention; working with the physical education instructor to educate students on relevant health safety issues; specific day-to-day instruction and follow-up with coded children on hygiene, wellness and self-catheterization; parent conferences, both in person and over the telephone; and other periodic teaching of students as necessary and required. I also assisted teachers in preparing health lessons for their classes, and participated along with other professional staff in Building Evaluation Team meetings required for special education students."

On May 12, 1989, the district notified Ferreira that it would not renew her employment contract. In doing so, the district did not follow the provisions of RSA 189:14-a. This statute reads, in pertinent part:

"I. (a) Any teacher who has a professional standards certificate from the state board of education and who has taught for one or more years in the same school district shall be notified in writing *on or before March 31* if he is not to be renominated or reelected.

(b) Any such teacher who has taught for 3 consecutive years or more in the same school district and who has been so notified may request in writing within 10 days of receipt of said notice *a hearing before the school board* and may in said request ask for reasons for failure to be renominated or reelected. . . . The notice to such teacher shall advise the teacher of all of his rights under this section. The school board, upon receipt of said request, shall provide for a hearing on the request to be held within 15 days. The school board shall issue its decision in writing within 15 days of the close of the hearing."

(Emphasis added.) Ferreira responded to the district's action by filing a petition for a preliminary injunction and for declaratory relief. She asked the court to: (1) declare that the provisions of RSA 189:14-a concerning early notification of nonrenewal and the right to a hearing apply to the nonrenewal of her particular contract; (2) declare that the district violated RSA 189:14-a; (3) require the district to offer her a contract for the coming year (1989–1990); and (4) enjoin the district from hiring another school nurse to replace her. The district filed an answer to Ferreira's petition and a motion to dismiss for failure to state a claim upon which relief may be granted.

The superior court granted the district's motion to dismiss, finding and ruling that Ferreira could not avail herself of the procedural protections afforded teachers under RSA 189:14-a. In determining that the statute does not apply to Ferreira's situation, the court relied on New Hampshire Administrative Rule, Ed 201.01 (hereinafter "Ed 201.01"), defining the term "teacher."

> "'Teacher' means any professional employee of any school district whose position requires certification by the state board [of education] as a professional engaged in teaching. Principals, assistant principals, librarians, and guidance counselors are also included within the definition of this term."

Ruling that Ferreira was neither required to be certified by the board of education as a school nurse, nor a professional engaged in teaching, the superior court decided that the provisions of RSA 189:14-a did not apply to the nonrenewal of her contract. In addition, the court ruled that Ferreira's due process rights were not violated because she had no protected property interest in employment by the district. Ferreira filed a motion for reconsideration, but the court denied it. This appeal followed.

■ "On an appeal from an order granting a motion to dismiss, 'the only issue raised is whether the allegations are reasonably susceptible of a construction that would permit recovery.'" *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985) (citation omitted). We "assume the truth of both the facts alleged in the plaintiff's pleadings and all reasonable inferences therefrom as construed most favorably to the plaintiff." *Id.* The issue thus becomes "whether the facts as pled are sufficient under the law to constitute a cause of action." *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 44, 534 A.2d 706, 708 (1987). We hold that the

facts alleged by the plaintiff are not sufficient to constitute a cause of action, and we therefore affirm.

■ To determine whether Ferreira can take advantage of the provisions of RSA 189:14-a, we must decide whether a school nurse is a teacher. The statute does not define the term, and so we turn to Ed 201.01 (quoted above) for guidance, as did both the court below in this case and this court in *Littky v. Winchester School District*, 129 N.H. 626, 629, 529 A.2d 399, 401–02 (1987). In *Littky* we held that, "in the absence of any clear legislative intent to the contrary, application of the administrative definition [Ed 201.01] is appropriate . . . ." *Id.* at 629, 529 A.2d at 402. Because the legislature has not amended RSA 189:14-a since our decision in *Littky,* we will assume that Ed 201.01 embodies the legislature's intent and defines "teacher" as it is used in RSA 189:14-a.

In order to find Ferreira to be a "teacher," as defined in Ed 201.01, we must find that (1), as a school nurse, she was a professional engaged in teaching; *and* (2) her position required certification by the board of education. If we find that she fails to meet either one of the definition's two requirements, she is not entitled to the protections afforded teachers pursuant to RSA 189:14-a.

We begin by examining the requirement that Ferreira be a professional engaged in teaching. As noted above, on appeal from an order granting a motion to dismiss, we must assume that all facts alleged are true. *Collectramatic,* 127 N.H. at 320, 499 A.2d at 1000. Thus, we accept Ferreira's statement that on many occasions she instructed students both individually and in classroom settings. The question before us then is whether this fact is "reasonably susceptible of a construction that would permit recovery," *id.*; more specifically, whether Ferreira's occasional instruction was so basic to her job, and so consistently part of her everyday work, that we may state, as a matter of law, that she was a "professional engaged in teaching."

We hold that Ferreira was not a "professional engaged in teaching." Although instructing students on health matters was an important part of her job as school nurse, it was only collateral to her basic duty to care for the health of the children. The core aspect of this duty included giving direct health care to the students, such as applying first-aid, administering medications, inoculating the children against diseases, and performing physical examinations. We understand the phrase "professional engaged in teaching" to mean a professional whose *main function* is to teach, not a person whose duties occasionally require him or her to instruct others. Because it was not

Ferreira's main function to teach, she was not a "professional engaged in teaching."

In further support of our holding, we note that the board of education has established certain requirements for certification as a "health educator." N.H. ADMIN. RULES, Ed 511.12. A health educator, whose main function is to teach health, thus would be a "professional engaged in teaching." A person wishing to become a school nurse, on the other hand, must satisfy different requirements. N.H. ADMIN. RULES, Ed 511.16. Unless school nurses have met the requirements of Administrative Rule Ed 511.12, they cannot be health educators, and cannot teach health as their main function. Ferreira has made no allegation that she has met these requirements. She occasionally taught health matters, but she was not a health educator, and was not a "professional engaged in teaching."

■■ Because we hold that Ferreira was not a "professional engaged in teaching," she cannot be a "teacher," as defined in Ed 201.01, for purposes of coverage under RSA 189:14-a. We therefore need not address the second requirement of Ed 201.01, that, for school nurses to be "teachers," their positions must require certification by the board of education, nor will we address the arguments Ferreira makes concerning this second requirement. Ferreira has failed to allege facts which "are reasonably susceptible of a construction that would permit recovery," *Collectramatic*, 127 N.H. at 320, 499 A.2d at 1000, and the superior court properly granted the district's motion to dismiss.

*Affirmed.*

All concurred.