Original
No. 78-241

MALCOLM TINK TAYLOR

v.

BALLOT LAW COMMISSION

October 12, 1978

*John L. Ahlgren*, of Concord, by brief and orally, for the plaintiff.

*Thomas D. Rath*, attorney general (*Anne E. Cagwin* orally), and *W. Stephen Thayer III*, of Manchester, orally, for the defendants.

PER CURIAM. In the 1978 Republican primary election, Raymond K. Conley, Jr., and Malcolm Tink Taylor were candidates for nomination to the State senate from the Third New Hampshire Senatorial District. Mr. Taylor was unsuccessful in his bid for the Republican nomination, but did succeed as a write-in candidate in the Democratic primary for the same office. Pursuant to RSA 56:52, he filed his assent to the write-in nomination by the Democrat party with the secretary of state. On September 27, 1978, Mr. Taylor was also nominated by petition, styled nomination papers, pursuant to RSA 56:65, as an Independent candidate for the same office. The voters who signed the nomination papers subscribed to the candidacy of Mr. Taylor as an Independent.

On September 29, 1978, Mr. Conley and Gerald Carmen, chairman of the New Hampshire Republican State Committee, filed separate objections with the ballot law commission to the acceptance by the secretary of state of Mr. Taylor's nomination papers as an Independent candidate, pursuant to RSA 56:72 which requires that objections to nomination papers be made within three days of the last day for filing nomination papers. On October 10, 1978, the ballot law commission convened to consider the above-stated objections and following hearing, sustained the objections of Mr. Conley and Mr. Carmen by decision dated October 10, 1978, thereby permitting Mr. Taylor to be listed on the ballot as a candidate for the office of State senate as either a Democrat or an Independent; the choice to be made by Mr. Taylor within a prescribed period of time. On October 11, 1978, Mr. Taylor appealed to this court for a review of the merits of the ballot law commission's decision and the court, pending such review, suspended *ex parte* the time limits prescribed by the ballot law commission in which Mr. Taylor could elect under which designation, Democrat or Independent, he desired to run.

The issue in this case is one of first impression in New Hampshire: whether a candidate for elective office who receives and accepts the nomination of a party following a primary may thereafter file nomination papers for the same office so as to be placed upon the ballot

a second time under a different designation. There is no express statutory prohibition to this procedure and likewise no authority expressly permitting such a result.

Because of the time constraints involved in this case and the result reached, we need not determine whether there is a statutory right of appeal of the issues here involved. Even assuming the absence of a statutory right of appeal, this court cannot be divested of its power to correct errors of law and other abuses by writ of certiorari, which is an extraordinary remedy to be exercised sparingly. *State v. New Hampshire Retail Grocers Ass'n Inc.*, 115 N.H. 623, 348 A.2d 360 (1975). Regardless whether we are reviewing the action of the ballot law commission as a statutory appeal or on certiorari, we see no reason on the record before us to disturb its ruling.

The temporary stay of the commission's time limits is vacated effective at four thirty o'clock this afternoon.

*Remanded.*