Original
No. 82-424

JOHN H. SUNUNU

v.

BALLOT LAW COMMISSION

October 1, 1982

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Eugene M. Van Loan, III*, on the brief and orally), for the petitioner.

*James J. Barry, Jr.*, of Manchester, by brief and orally, for Meldrim Thomson, Jr.

*Gregory H. Smith*, attorney general (*Martha V. Gordon and Jeffrey R. Cohen*, assistant attorneys general, and *Ronald F. Rodgers*, attorney, on the brief, and *Mr. Cohen* orally), for the New Hampshire Ballot Law Commission.

*Sulloway, Hollis & Soden*, of Concord (*Martin L. Gross* on the brief and orally), for the New Hampshire House Democratic Leadership.

PER CURIAM. This petition for a writ of certiorari calls upon this court to determine whether the New Hampshire Ballot Law Commission erred in ruling that the name of Meldrim Thomson, Jr., shall remain on the ballot as a candidate for Governor at the November 2, 1982, general election.

The petitioner, John H. Sununu, a Republican, was selected as that party's gubernatorial nominee, at the primary election held on September 14, 1982. He timely challenged under RSA 655:44 (Supp. 1981) the validity of the nomination papers filed by Mr. Thomson under RSA 655:43 (Supp. 1981). Proceedings before the ballot law commission resulted in a decision adverse to the petitioner, and the dispute is now before us. *See Taylor v. Ballot Law Comm'n*, 118 N.H. 671, 673, 392 A.2d 1203, 1204 (1978).

The only issue that we need address in reaching our decision is whether those voters who signed Mr. Thomson's nominating petitions and who also may have voted in the primary election should be disqualified for purposes of determining whether Meldrim Thomson, Jr., complied with the provisions of RSA 655:42 I (Supp. 1981). Specifically, petitioner argues that to permit voters to sign the Thomson nomination papers and also to vote in the primary constitutes "double voting" in violation of State and federal constitutional requirements.

854

■ The United States Supreme Court decisions in *Storer v. Brown*, 415 U.S. 724, 740–41 (1974), and *American Party of Texas v. White*, 415 U.S. 767, 785–86 (1974), relied upon by the petitioner, stand only for the proposition that if a State chooses to disqualify those who have voted at a party primary from signing nomination petitions for another candidate seeking to have his name on the general election ballot, there is no constitutional prohibition standing in the way of its doing so. These cases involved challenges to State statutes which *expressly* outlawed this form of so-called "double voting." However, we find nothing in the New Hampshire election laws that invalidates the nomination-paper signature of a person who has also voted in a primary election.

The New Hampshire Constitution in part I, article 11 states that all elections are to be free and every adult inhabitant "shall have an equal right to vote in any election." Our State election laws define the word "election" as meaning the "choosing of a public officer . . . or the nominating of a candidate for public office by voters by means of a *direct vote* conducted under the election laws." RSA 652:1 (Supp. 1981) (emphasis added).

■ Nominations may occur either by primary or nominating papers, and voters shall sign individual petitions. RSA 655:40 (Supp. 1981). A State primary election is defined as "an election to nominate a candidate for federal, state, or county office . . . ." RSA 652:5 (Supp. 1981). We hold that voters who sign nominating petitions are not engaging in a "direct vote conducted under the election laws."

■ We conclude that neither State nor federal constitutional requirements prevent the name of Meldrim Thomson, Jr., from appearing on the official ballot for the November 1982 election. We find no error in the decision of the New Hampshire Ballot Law Commission.

*Petition dismissed.*