Konefal v. Hollis/Brookline        CV-94-139-M    01/31/95
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Robert Konefal and Gloria Konefal,
      Plaintiffs,

    v.                                        Civil No. 94-139-M

Hollis/Brookline School Coop. et al,
      Defendants.


                            O R D E R


     Plaintiff, Gloria Konefal, brings this action for injunctive

relief and damages pursuant to 42 U.S.C. §1983 to redress alleged

violations of her civil rights under the First and Fourteenth

Amendments of the U.S. Constitution.  She also sets forth certain

state law causes of action, over which she claims this court has

supplemental jurisdiction.  Presently before the court is

defendants' Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6).


                      **Standard of Review**

     A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is

one of very limited inquiry, focusing not on "whether plaintiff

will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims."  McLean v. Gaudet, 769 F.

Supp. 30, 31 (D.N.H. 1990)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). A court must take the factual averments within the complaint as true, "indulging every reasonable inference helpful to the plaintiff's cause." Garita Hotel Ltd. Partnership v. Ponce Federal Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992); see also Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). In the end, a motion to dismiss may be granted under Rule 12(b)(6) "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Garita, 958 F.2d at 17 (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

## Facts

Reading the pleadings in the light most favorable to Konefal and "indulging every reasonable inference helpful to [her] cause," the court adopts the following facts for the purpose of ruling on defendants' motion to dismiss. Konefal was an English teacher employed with the Hollis Area High School. She was second in seniority among those teachers in the English Department for the 1990-91 school year. Plaintiff has twenty-two years of teaching experience and two masters degrees.

2

The Hollis School District and the Brookline School District agreed to form the Hollis/Brookline Cooperative School District (the "Co-op"), a defendant in the present action. On March 25, 1991, all teachers employed at the Hollis High School, including plaintiff, received letters notifying them that they would not be renominated to teaching contracts because the Hollis School District would not be operating a high school after June 30, 1991.

On June 1, 1991, the Public Employee Labor Relations Board ruled that the Co-op was obligated to honor the collective bargaining agreement between the Hollis Education Association (the "Association") and the Hollis School Board. After the Board's ruling, all members of the English Department at Hollis High School had their contracts renewed by the Co-op except for Konefal. Defendant Philip J. Dahlinger, Superintendent of Schools, informed Konefal that she was not being offered a contract for a teaching position with the Co-op because her position was being terminated.

The Co-op began operation on July 1, 1991. All members of the English Department whose contracts were renewed were members

3

of the Association during the 1990-91 school year.  Konefal had never been a member of the Association.

## DISCUSSION

Konefal brought this § 1983 action to redress alleged violations of her right to freedom of association under the First Amendment of the United States Constitution.[1]  Specifically, Konefal contends that:

> the defendants acting individually and in concert with each other failed to renew her teaching contract because she was not a member of and had refused to join the Hollis Education Association, thereby interfering with her constitutionally protected right to enjoy freedom of association.

Plaintiff's Supplemental Objection to Defendants' Motion to Dismiss, at 4.  Although not clearly set forth in her complaint, Konefal also alleges violations of her liberty and property interests, as those interests relate to her First Amendment claim.

---

[1] Plaintiff's complaint contains various state law claims including a claim of loss of consortium by her husband, Robert S. Konefal.  The present motion, however, challenges plaintiff Gloria Konefal's federal constitutional claims and this order is therefore limited to an analysis of those claims.

4

I.   Plaintiff's First Amendment Right to Freedom of Association

"Freedom of association . . . plainly presupposes a freedom not to associate."  Roberts v. United States Jaycees, 468 U.S. 609, 623 (1984).  This right is not absolute, however, being subject to "regulations adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms."  Id. at 623 (citations omitted).  Thus an employee may be discharged for nonmembership in a union if an employer has entered into a union contract.  See Radio Officers' Union v. NLRB, 347 U.S. 17, 41 (1954).   If compulsory union membership extends only to financial support of the union in its collective bargaining activities, then such an arrangement does not offend First Amendment values.  Lehnert v. Ferris Faculty Association, 500 U.S. 507, 515 (1991)(citing Railway Employees v. Hanson, 351 U.S. 225, 235 (1956)).

Of course, constitutional "red flags" arise when membership dues, voluntary or involuntary, are used to support political causes objectionable to the payor(s) of such dues.  See Keller v. State Bar of California, 496 U.S. 1, 9 (1990); see also Lehnert, supra at 522 (". . . the State constitutionally may not compel

5

its employees to subsidize legislative lobbying or other political union activities outside the limited context of contract ratification or implementation."); Austin v. Michigan State Chamber of Commerce, 494 U.S. 652, 665 (1990)("Although a union and an employer may require that all bargaining unit employees become union members, a union may not compel those employees to support financially `union activities beyond those germane to collective bargaining, contract administration, and grievance adjustment.'" (quoting Communications Workers v. Beck, 487 U.S. 735, 745 (1988)).

However, Konefal has not alleged that compulsory financial support of the Association (if any such support was actually required) extended beyond that necessary for collective bargaining, to political or legislative activities to which she objects. Simply stated, plaintiff baldly alleges that she was not a member of the Association and her contract was not renewed upon expiration (she was not "fired") because she refused to join. She has failed to state facts which, if proven, would constitute a violation of her First Amendment right to freedom of association as that right has been construed by the United States Supreme Court, because even if she had been fired due to her refusal to join the Association, those facts alone would not

6

establish her right to recover for any constitutional deprivation.

## II.  Plaintiff's "Property" and "Liberty" Interests

Konefal also claims a deprivation of her property and liberty interests.  Complaint, ¶52.  Konefal claims a "property interest" under state law in her position as a tenured teacher, which interest is "safeguarded by due process."  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  She did have a limited property interest in her teaching position recognized under state law, and she also received the due process hearing provided for under N.H. Rev. Stat. Ann. § 189:14-a for the purpose of protecting against her unjust removal.  See In re Gorham School Board, 121 N.H. 878 (1981).  After hearing her objections, the school board upheld the superintendent's decision not to renew her contract.  See Defendants' Memorandum of Law in Support of Motion to Dismiss, at 6 n.2.  Konefal received all the process to which she was due.  Board of Regents v. Roth, supra; Short v. School Admin. Unit 16, 136 N.H. 76 (1992).

And, for the reasons well expressed in Short, supra, even if Konefal's allegations are deemed true, they do not establish that, in declining to rehire her, any of the defendants violated

7

any cognizable liberty interest associated with her employment. <u>Board of Regents v. Roth</u>, <u>supra</u>; <u>Short v. School Admin. Unit 16</u>, <u>supra</u>.

Due process concerns aside, however, the state or those acting under color of state law are still prohibited from denying a public benefit to a person, even where "a person has no `right' to a valuable governmental benefit," "on a basis that infringes [her] constitutionally protected interests - especially [her] interest in freedom of [association]." <u>Perry v. Sindermann</u>, 408 U.S. 593, 597 (1972). But again, even if the assumption is made that plaintiff was discharged for refusing to join the Association, a requirement that she join the Association upon pain of discharge would not unconstitutionally encroach upon her First Amendment right to freedom of association in this context. Thus, plaintiff has failed to satisfy her burden of "show[ing] that [her] conduct was constitutionally protected." <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).

**<u>CONCLUSION</u>**

8

Even taking all the factual allegations in plaintiff's complaint as true, it fails to state a viable federal cause of action against any of the defendants.  In essence, what plaintiff properly alleges are state law causes of action for wrongful discharge and related wrongs, not an unlawful infringement of her constitutionally protected rights.

Accordingly, defendants' Motion to Dismiss (document no. 8) is granted.  Having dismissed all claims over which it had original jurisdiction pursuant to 28 U.S.C. § 1331, the court hereby dismisses plaintiff's remaining state claims pursuant to 28 U.S.C. § 1367(c)(3), without prejudice to pursuing those claims in the state forum.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

January 31, 1995

cc:  Barbara F. Loughman, Esq.
     Thomas G. Cooper, Esq.